IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ABANUKAM,<br>A# xxx-xx9-516,<br><br>                Petitioner,<br><br>vs.<br><br>DAMON ACUFF, Warden of Pulaski<br>County Detention Center,<br>MERRICK GARRAND, Attorney General,<br>ALEJANDRO MAYORKAS, Secretary,<br>U.S. Department of Homeland Security,<br>MATTEW ALBENCE, Acting Director,<br>U.S. ICE,<br>and<br>ROBERT GUADIAN, U.S. ICE Director,<br>Chicago Field Office,<br><br>                Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 21-cv-545-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      Petitioner Justin Abanukam is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") and is being detained at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). He filed his Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on June 6, 2021. Among other claims, Abanukam asserts that his prolonged detention of 20 months violates his Fifth Amendment due process rights. (Doc. 1, pp. 2, 12-16). He seeks immediate release or, in the alternative, an immediate bond hearing at which the government has the burden to justify his ongoing detention. (Doc. 1, p. 22).

      Abanukam makes the following allegations in the Petition: He is a 46-year-old citizen of Nigeria who has resided in the United States for 11 years. He lawfully entered the U.S. in January

1

2009 and soon thereafter applied for adjustment of status (Form I-485). (Doc. 1, pp. 5-6). At the time, he was married to a U.S. Citizen, but they subsequently divorced. He has three young U.S. Citizen children, and he has a brother who is a naturalized U.S. Citizen. (Doc. 1, p. 5). In January 2012, while Abanukam's I-485 application was still pending, he applied for VAWA[1] status (Form I-360) based on abuse inflicted on him by his ex-wife and her brothers. His VAWA application was granted on August 14, 2013. (Doc. 1, pp. 6-7).

Meanwhile, in June 2012, Abanukam was convicted of a family violence Class A misdemeanor in Texas, resulting in a sentence of 18 months' probation. Immigration authorities did not detain him at the time, and Abanukam asserts the offense did not qualify in 2012 as an "aggravated felony" for deportation purposes under immigration law. (Doc. 1, p. 7).

In September 2018, Abanukam was arrested and charged with rape in Louisville, Kentucky, where he resided. (Doc. 1 p. 8). Trial was set for October 7, 2019, but the case was ultimately dismissed on the prosecution's motion. (Doc. 1-1, pp. 39, 41). Abanukam was taken into immigration custody on October 17, 2019 and has been in detention ever since. (Doc. 1, p. 9).

Abanukam was placed in removal proceedings. He appeared before Immigration Judges ("IJ") in July and November 2020 seeking cancellation of removal. (Doc. 1, p. 9). His VAWA approval was revoked in December 2020[2] and the IJ issued a removal order in March 2021. Abanukam appealed to the Board of Immigration Appeals ("BIA") where his appeal remains pending. (Doc. 1, p. 10). He estimates that it will take 6-18 months for the BIA to issue a decision. (Doc. 1, p. 21). If the BIA affirms the IJ's removal order, Abanukam will seek review from the U.S. Court of Appeals, Seventh Circuit, which is likely to take another 1-2 years to resolve. His immigration detention is thus expected to continue into 2022. *Id.*

---

[1] Violence Against Women Act.
[2] The Petition gives this date as December 2021 which is clearly a typographical error.

Abanukam further argues that he is entitled to relief because his ulcer, major depressive disorder, and post-COVID-19 symptoms place his health at risk while he remains in custody, where medical care is inadequate and he is unable to exercise to maintain his health. (Doc. 1, pp. 10-11). He claims the conditions of his confinement amount to punishment and violate his due process rights (Doc. 1, pp. 11-12, 16-20) and notes that the duration of his immigration detention has far exceeded the length of his sentence for the domestic violence conviction on which the removal case is premised. (Doc. 1, p. 19).

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the Petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action. Without commenting on the merits of Abanukam's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and a response shall be ordered.

Ordinarily, the only proper Respondent in a habeas petition is the petitioner's immediate custodian – in this case, Warden Acuff. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006). Given the relief sought by Abanukam, however, the Court deems it appropriate to retain the additional federal government Respondents as parties to the action, at least at this early stage.

Respondents are **ORDERED** to answer the Petition or otherwise plead within **twenty (20) days** of the date this order is entered (on or before **June 30, 2021**).[3] This preliminary Order to

---

[3] The response date ordered here is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

respond does not preclude Respondents from raising any objection or defense they may wish to present. Service upon Acuff, Warden of the Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service on him as the immediate custodian.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send the letter constituting service, Petition, and this Order via registered or certified mail to Merrick Garland, Attorney General of the United States (in his official capacity); to Alejandro Mayorkas, Secretary of the United States Department of Homeland Security (in his official capacity); to Mattew Albence, Acting Director of U.S. Immigration & Customs Enforcement (or his successor, in his/her official capacity); and to Director of the Chicago Field Office of Immigrations & Customs Enforcement Robert Guadian (or his successor, in his/her official capacity).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the Petition, and this Order to the United States Attorney for the Southern District of Illinois, and to send a copy of the letter constituting service, Petition, and this Order via registered or certified mail to the United States Immigration & Customs Enforcement.

Abanukam is **ADVISED** of his continuing obligation to keep the Clerk (and Respondents) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  6/10/2021**

                                          <u>s/J. Phil Gilbert</u>
                                          **J. PHIL GILBERT**
                                          **United States District Judge**