# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ABANUKAM,<br>A# xxx-xx9-516,<br><br>Petitioner,<br><br>vs.<br><br>DAMON ACUFF, Warden of Pulaski<br>County Detention Center,<br>MERRICK GARRAND, Attorney General,<br>ALEJANDRO MAYORKAS, Secretary,<br>U.S. Department of Homeland Security,<br>MATTEW ALBENCE, Acting Director,<br>U.S. ICE,<br>and<br>ROBERT GUADIAN, U.S. ICE Director,<br>Chicago Field Office,<br><br>Respondents. | Case No. 21-cv-545-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Justin Abanukam is in immigration detention at the Pulaski County Detention Center in Ullin, Illinois ("Pulaski"). He filed his Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on June 6, 2021 (Doc. 1) seeking immediate release or a bond hearing. (Doc. 1, p. 22). He asserts that the length of his detention (20 months) violates his Fifth Amendment due process rights; argues that the conditions of his confinement justify his release; and claims that he is wrongly subjected to mandatory detention because U.S. Immigration and Customs Enforcement ("ICE") did not take him into custody until 7 years after he was released from criminal custody on the offense that rendered him removable. (Doc. 1, pp. 2, 10-20).

The Respondents filed a Motion to Dismiss the Petition, asserting that Abanukam's action

in this Court is duplicative of his pending habeas case in the Northern District of Texas, *Abanukam v. Barr, et al.*, Case No. 20-cv-252-C, filed December 21, 2020 while Abanukam was confined in that district. (Doc. 8, pp. 1-2, 6-7; Doc. 8-1). Respondents further argue that Abanukam's conditions of confinement claims are not properly brought in a habeas action. (Doc. 8, pp. 2-6). Abanukam replied to the Motion to Dismiss. (Doc. 12).

Based upon the Court's review and consideration of the parties' arguments and documentation, and for the following reasons, the Motion to Dismiss the Petition will be **GRANTED.**

## Background

Abanukam, age 46, is a Nigerian citizen who has resided in the United States for 11 years, since January 2009. He entered the U.S lawfully and applied for adjustment of status based on his marriage to a U.S. Citizen. (Doc. 1, pp. 5-6). The couple subsequently divorced. Abanukam has three U.S. Citizen children, and a brother who is a naturalized U.S. Citizen. (Doc. 1, p. 5). In January 2012, Abanukam applied for VAWA[1] immigration status based on abuse inflicted on him by his ex-wife and her brothers; that application was granted on August 14, 2013. (Doc. 1, pp. 6-7).

Prior to that approval, Abanukam was convicted in June 2012 of a family violence Class A misdemeanor in Texas and sentenced to 18 months' probation. Immigration authorities did not detain him at that time. (Doc. 1, p. 7). In September 2018, Abanukam was arrested and charged with rape in Louisville, Kentucky. (Doc. 1 p. 8). His trial was to take place on October 7, 2019, but the case was dismissed. (Doc. 1-1, pp. 39, 41). Abanukam was taken into immigration custody on October 17, 2019 and has remained in ICE detention since then. (Doc. 1, p. 9).

---

[1] Violence Against Women Act.

Abanukam was placed in removal proceedings and sought cancellation of removal. (Doc. 1, p. 9). In December 2020 his VAWA approval was revoked; in March 2021 he was ordered removed by an Immigration Judge ("IJ"). Abanukam's appeal remains pending before the Board of Immigration Appeals ("BIA"). (Doc. 1, p. 10). Based on the backlog of cases before the BIA and his intention to seek judicial review of any adverse decision, Abanukam asserts that his detention is likely to continue into 2022. (Doc. 1, p. 21).

## **Discussion**

The Court finds that this action is duplicative of Abanukam's pending habeas action in Texas, therefore it is unnecessary to address the merits of his habeas claims here.

Abanukam does not dispute the fact that he was confined within the Northern District of Texas at the time he filed his habeas petition in that court. (Doc. 8-1, pp. 1-2). Therefore, jurisdiction was proper in the Northern District of Texas; indeed, that was the only court where Abanukam could have sought habeas relief in December 2020. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004) (the only proper place to file a habeas petition is in the district where the detainee is confined at the time of filing, and where his/her immediate custodian is located; citing *Ex parte Mitsuye Endo*, 323 U.S. 283, 306 (1944)).

Relevant to Abanukam's case, *Padilla* and *Endo* instruct that even where the government moves a habeas petitioner to another jurisdiction, the District Court where the habeas action was properly filed retains jurisdiction over the case. The judge in Abanukam's pending Texas habeas case reached the same conclusion in denying Abanukam's motion to transfer his case to this Court. (Doc. 18 in *Abanukam v. Barr, et al.*, Case No. 20-cv-252-C (May 24, 2021, N.D. Tex.)). Further, if the Texas court decides to grant Abanukam's petition, it has the power to order any Respondent who is within reach of the court's process and has custody of Abanukam to release him. *See*

*Padilla*, 542 U.S. at 441 n.14 (quoting *Endo*, 323 U.S. at 307).

Abanukam's argument that this Court has jurisdiction over his habeas Petition and should allow him to proceed in this case are unavailing in light of his ongoing Texas habeas case. (Doc. 12, pp. 2-3). The location of Abanukam's immigration proceedings in Chicago is not the factor that determines where he should pursue federal habeas corpus relief. Moreover, this Court has no power to dismiss Abanukam's habeas case in the Northern District of Texas as he requests.

Abanukam also does not dispute Respondents' contention that this action is duplicative of the claims he raised in the Texas habeas petition. Abanukam relied on a due process claim for release based on prolonged detention in the Texas action and he brings the identical claim here. (Doc. 8-1, pp. 12-27; Doc. 1, pp. 2, 12-16, 19-21). He also argued that he was entitled to a bond hearing under 8 U.S.C. § 1226(c) (Doc. 8-1, pp. 6-12), and seeks the same relief in this Court. (Doc. 1, pp. 2, 20, 22). The duplicate nature of these core habeas claims, and considerations of judicial economy, lead the Court to conclude that dismissal is warranted.

A federal court may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in ... federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); *see also Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Lawsuits are generally duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold,* 572 F. Supp. at 1213); *see also McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012). In this instance, the habeas claims and available relief are identical, with the exception that in this Court, Abanukam added a challenge to his detention on the basis that he was not immediately detained by ICE following his release from criminal custody.

However, that is an argument that was available to Abanukam when he filed his Texas habeas petition. His choice not to raise that argument before the Texas court does not sufficiently distinguish the two actions or alter the Court's conclusion that they are duplicates.

The only other arguable difference between the cases is that Abanukam includes claims in the instant Petition for release from custody based on allegedly unconstitutional conditions of confinement at Pulaski.[2] But claims of inadequate medical care, lack of access to exercise, and related matters are ordinarily raised in a civil rights action brought pursuant to 42 U.S.C. § 1983, and Respondents' argument that these issues are not cognizable in a habeas action is well taken. *See Glaus v Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). Abanukam is not without a remedy for the alleged unconstitutional conditions. He is free to file a civil rights action in this Court regarding conditions at Pulaski even if his habeas case is dismissed. That said, this Court makes no comment on the potential merits of such an action.

Finally, the parties in both actions are virtually identical. In the Texas case, Abanukam names as Respondents the U.S. Attorney General, the Secretary of the Department of Homeland Security, and the ICE Field Office Director for the place of his confinement. In the instant case, Abanukam named the same parties and added the Acting Director of U.S. ICE. In the Texas petition, Abanukam did not include the warden of the Texas detention center as a Respondent. Here, he includes Pulaski Warden Acuff, his immediate custodian. In both cases, the parties who would be required to implement any order for release are included and they would carry out any relief ordered by a court in their official capacities. There is no significant difference in the Respondents in the two actions.

---

[2] The Court notes that as part of his due process argument in the Texas petition, Abanukam asserted the conditions of his confinement in the Texas detention center weighed in favor of granting him release from custody. (Doc. 8-1, p. 17).

Before dismissing a case as duplicative, "the district judge should consider any special factors counseling for or against the exercise of jurisdiction in the case before him." *Serlin*, 3 F.3d at 224 (citing *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1234 (7th Cir. 1979)). Abanukam argues that because his immigration case will be heard in Chicago, this Court is the proper forum to adjudicate his habeas claims. However, as discussed above, the Northern District of Texas retains jurisdiction over Abanukam's earlier-filed habeas petition filed there. The location of the immigration proceedings does not amount to a "special factor" that would justify allowing this duplicate case to proceed. Further, Respondents point out that Abanukam's Texas case has been fully briefed on the core habeas claims of due process/prolonged detention and entitlement to a bond hearing, and is ripe for a decision in that district. This Court will not expend its limited resources on adjudicating this duplicative case when Abanukam's identical claims will be addressed by the Northern District of Texas. Judicial economy points to dismissal of this action.

## Disposition

**IT IS HEREBY ORDERED** that the Respondents' Motion to Dismiss Petition (Doc. 8) is **GRANTED**. The Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. However, the dismissal is without prejudice to Abanukam pursuing his habeas corpus claims in his pending action in the Northern District of Texas, *Abanukam v. Barr, et al.*, Case No. 20-cv-252-C, and without prejudice to any suit he may bring regarding his conditions of confinement.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly. The Clerk is further **DIRECTED** to transmit a copy of this Order to the Clerk of Court for the Northern District of Texas, Abilene Division, for filing or reference in *Abanukam v. Barr, et al.*, Case No.

20-cv-252-C (N.D. Tex.).

If Abanukam wishes to appeal this dismissal, his notice of appeal must be filed with this court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Abanukam does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his inmate trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Abanukam to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: 7/14/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**